Martin, J.
delivered the opinion of the court.* The plaintiff sues on an obligation of the defendants, assigned him by King.
The principal, in the obligation, pleaded it was not a negotiable one, denied having had notice of the assignment, and averred he had an equitable defence. He prayed, that th *262 e assignor might be made a party to the suit, and compelled to answer, on oath, whether the sum mentioned in the obligation was not the price of a negro woman sold by the assignor to him? Whether the woman had not before, and at the time of the sale, a pendulous wen, on the inside of one of her thighs, which, at times, prevented her rendering any service at all; and whether this circumstance was disclosed at the time of the sale?
West'n District.
August, 1822.
The assignor admitted, that she received the defendants’ obligation as the price of a negro woman sold him, and assigned it to the plaintiff:—that the woman had, at the time of the sale, a mark on the inside of one of her thighs, which did not injure her, nor prevent her services at any time while she was owned by her; hence this circumstance was not disclosed to the vendee:—that she did not know of any pendulous wen, as stated in the answer; but only of the aforesaid mark, which, however, she never examined.
The jury found that the sum mentioned in the obligation was the price of the negro woman named in the answer, who had a pendulous wen, as there stated; which rendered her, at times, incapable of labour; a circumstance *263 which was not disclosed at or previous to the sale, and that, consequently, the plaintiff ought to suffer a diminution of $150 from the price.
The plaintiff had judgment accordingly, and appealed.
Dr. Elmor deposed, that about eighteen months after the sale he examined the woman, and found she had a pendulous wen, of the size of a duck’s egg, attached by a short neck to the inside of her thigh, near the left labia pudenda. It was said, she was laid up in consequence of an injury the wen had received while she was crossing a fence. It was wounded and ulcerated; she was relieved. He thinks the wen must have been of ancient origin, as wens do not reach the size of this in less than one or two years. The woman must have had it from her infancy. From its appearance, when the witness saw it, it must have laid up the woman from eight to ten days, and the expense of her cure could not exceed ten dollars. It must ever be subject to injury, and must incommode her in walking. The witness thinks it ought to be amputated, which would not be attended with danger, would confine her for fifteen or twenty days, and would cost about thirty dollars. Were *264 not the witness a surgeon, he would not have given half of the price for her, on account of the wen; and as a surgeon, he thinks, he would estimate the diminution in the price, occasioned by it, at one hundred dollars.
Dr. Dixon, having heard Dr. Elmor give his evidence, deposed, his opinion was perfectly the same; except that, as an individual, he would think the diminution of the value of the slave, occasioned by the existence of the wen, at two hundred dollars.
Marshal, the defendant’s overseer, deposed, the slave was smart and active. She was sick once or twice with the fever. He never discovered that she limped.
The plaintiff’s counsel contends, that as it is not proved that the vendor had any knowledge of the existence of the wen, no diminution of the price ought to have been made.—Civ. Code. 360, art. 80.
The ignorance of the vendor protects him, indeed, against the redhibitory action; but it is that action, alone, of which the Code speaks, in the part quoted.
This ignorance will not avail in the action, quanti minoris. “If the seller was ignorant of the defect, then the buyer must keep the slave, and the seller restore so much of the price, as *265 the value is diminished by reason of the defect; and so we say, if the slave was affected with any hidden disease. Part. 5, 3, 64.
Brownson and Lessassier for the plaintiff, Brent and King for the defendants.
We do not think that there is any weight in the objection, that the answer does not expressly aver the existence of the wen, nor conclude with a prayer for the rescission of the sale, or a diminution of the price. The defendant expressly asserts, he is entitled to relief; and prays that the assignor may say, on oath, whether the slave was not afflicted with a wen, which rendered her services much less valuable. This, in our opinion, sufficed to give notice to the plaintiff, of the nature of the defence.
The defendant being sued for the price, and making no offer of returning the slave, the inference was obvious, that he expected a reduction of the price. Admitting, however, that the plaintiff might have taken advantage, at first, of the insufficiency of the answer, it is certainly too late on the appeal.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

Porter, J. did not join in the opinion, having been of counsel in the cause.